HEATHER E. WILLIAMS, #122664
Federal Defender
CHARLES J. LEE, Bar #221057
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: 559-487-5561/Fax: 559-487-5950

Attorneys for Defendant
MARQUIS LEONARD HAWKINS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARQUIS LEONARD HAWKINS,<br><br>Defendant. | Case No.  1:19-cr-00089-DAD-BAM<br><br>DEFENDANT MARQUIS HAWKINS'S FORMAL OBJECTIONS TO THE SECOND FINAL REVISED PRESENTENCE REPORT; MOTION TO CONTINUE SENTENCING HEARING; ORDER<br><br>DATE:   November 22, 2021<br>TIME:    9:00 a.m.<br>JUDGE:  Hon. Dale A. Drozd |

Probation filed the final presentence report ("PSR") at Dkt. #125 on June 28, 2021.  On October 10, 2021, Probation *sua sponte* filed a *second* final PSR at Dkt. #144.  Defense formally objects to the material changes and additions made in that second final PSR.

**Page 1, Detainers:**  Case DP56268 is a traffic infraction and there is no warrant.  On case F21906879, on September 23, 2021, the Fresno Superior Court released Mr. Hawkins on his own recognizance; there is no active warrant in that case.  Accordingly, defense asks these two items to be removed as detainers from the PSR.

**Paragraph 24:**  defense objects to probation's denial of acceptance of responsibility pursuant to USSG § 3E1.1, despite Mr. Hawkins entering a guilty plea early on in the proceedings and

admitting to and taking responsibility for the offense at the presentence investigation interview and despite Probation finding Mr. Hawkins qualified for the reduction in its first final PSR.

Probation changed its recommendation solely based on the fact Mr. Hawkins has been charged in Fresno Superior Court in case F21906879 with another felon in possession of a firearm case. Without affording Mr. Hawkins the presumption of innocence on that case, probation is relying on the mere filing of charges to deny Mr. Hawkins his acceptance of responsibility. In an attempt to justify its decision, probation recites in paragraphs 3-6 a summary of the initial police reports from that case. The government additionally has included one of the reports in its sentencing memorandum. Dkt. #140-2, Gov. Exh. 2.

Not only must Mr. Hawkins be presumed innocent, defense notes that earlier on pretrial release, Mr. Hawkins was charged in Fresno Superior Court case F20904755. Before any substantive action occurred in state court, a contested pretrial violation hearing was held over four days with numerous witnesses and exhibits. Ultimately, the magistrate court determined there was no probable cause to believe Mr. Hawkins committed the alleged offenses and the petition was dismissed. Accordingly, the district attorney's office dismissed their case in state court. Case F20904755 clearly demonstrates the mere filing of charges is insufficient to deny acceptance.

Because Mr. Hawkins timely entered his guilty plea and accepted responsibility for his conduct, and because he is entitled to the presumption of innocence on the newly filed state court case, defense requests a three-level reduction pursuant to USSG § 3E1.1.

## REQUEST TO CONTINUE SENTENCING HEARING

On case F21906879, Mr. Hawkins was driving a vehicle which an officer alleged had an inoperative headlight. Smelling marijuana, the officer searched the vehicle. The co-defendant, Alizia Madison, had admitted to smoking marijuana earlier that day. In the rear of the vehicle behind the passenger seat, a backpack was located with two firearms, one which had a large drum-type ammunition clip. Inside the backpack was also a pack of Newport cigarettes.

Law enforcement questioned Mr. Hawkins extensively, who consistently denied knowledge of any firearms or the backpack. Co-defendant Madison was also questioned, but

because his answers were largely limited to the fact he was high and tired, his questioning was brief.  Both Hawkins and Madison were arrested, kept apart, and driven to the jail in separate police cars.

In reviewing over a dozen body cam videos, defense counsel has not heard law enforcement reference the very distinctive drum magazine clip when questioning either of the defendants.  Revealingly, on the jail phone recordings, co-defendant Madison can be heard asking his girlfriend within a day of the arrest whether he was being charged with the drum, and discussed being caught with a drum on another call.  Madison also talks about wanting to smoke a "whole pack of Newports," consistent with the cigarette pack found in the backpack with the prohibited firearms.

In yet another jail call, within days of the incident, an uncharged individual claimed responsibility for the backpack and the firearms, and indicated she had consulted with legal counsel about potential liability and outcomes.

In short, additional critical facts are being developed on this case.  Mr. Hawkins is entitled to the presumption of innocence and defense needs additional time to review the discovery it has received, complete ongoing investigation, and consult with Mr. Hawkins's state court counsel.  Defense would ask the case be continued to December 6, 2021, and set for a status conference.  The defense anticipates being able to update the Court at that time.

Counsel for the government has indicated their desire to proceed with sentencing on November 22, 2021.  Defense counsel has confirmed with the government that the government would be available on the requested December 6, 2021 requested date.  Mr. Hawkins remains on Pretrial Supervision with numerous conditions including location monitoring in the form of home incarceration.

DATED:  November 1, 2021

Respectfully submitted,
HEATHER E. WILLIAMS
Federal Defender

/s/ *Charles J. Lee*
CHARLES J. LEE
Assistant Federal Defender
Attorneys for Defendant
MARQUIS LEONARD HAWKINS

-3-

1

**O R D E R**

2              IT IS SO ORDERED that in the interests of justice based on the defense request for

3  additional time needed for adequate preparation of the case, the sentencing hearing on the above-

4  entitled case shall be continued to December 6, 2021, at 9:00 a.m. before the Honorable Dale A.

5  Drozd and calendared as a status conference on that date and time.

6

7  IT IS SO ORDERED.

8      Dated:   **November 6, 2021**              _Dale A. Drozd_

9                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28